[715 NYS2d 344]

In the Matter of ADAM R. KIDAN (Admitted as ADAM RONALD KIDAN), an Attorney, Resignor.

Second Department, November 13, 2000

### APPEARANCES OF COUNSEL

*Nicholas C. Cooper,* Wayne, Pennsylvania, for resignor.

*Grace D. Moran,* Syosset (*Dianne M. Saccone* of counsel), for Grievance Committee for Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Adam R. Kidan has submitted an affidavit, dated June 14, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Kidan was admitted to the practice of law at a term of the Appellate Division of

the Supreme Court in the Second Judicial Department on December 13, 1989, under the name Adam Ronald Kidan.

Mr. Kidan is aware that he is the subject of an investigation by the Grievance Committee whereby evidence of his professional misconduct has been adduced and that the Grievance Committee would recommend the institution of a disciplinary proceeding against him. Mr. Kidan avers that in December 1993, while employed in an "of counsel" capacity to the firm of Duncan, Fish & Bergson, he referred his stepfather, Sami Shemtov, to the firm to handle the sale of one of his businesses. On December 16, 1993, the business was sold and $450,000 was placed in escrow for Mr. Shemtov's benefit. On March 4, 1994, a $100,000 check, representing a partial release of escrow funds, was delivered to Mr. Kidan. He acknowledges that he failed to properly maintain and preserve those funds during the period they were entrusted to him. Mr. Shemtov filed a complaint against Mr. Kidan with the Grievance Committee. Thereafter, Mr. Kidan made restitution of $100,000 directly to Mr. Shemtov. By letter dated October 13, 1995, Mr. Shemtov advised the Grievance Committee that the dispute was resolved and requested that the complaint be withdrawn.

Mr. Kidan avers that his resignation is freely and voluntarily rendered and that he was not subjected to coercion or duress by anyone. He has discussed his decision to resign with other persons whose advice and counsel he respects and he is fully aware of the implications of submitting a resignation, including being barred from seeking reinstatement for at least seven years.

Mr. Kidan acknowledges that he cannot successfully defend himself on the merits against any disciplinary charges which may be initiated against him by the Grievance Committee based on these facts. Mr. Kidan's resignation is submitted subject to any application which might be made for an order directing that he make additional restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order. Mr. Kidan specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the respondent's resignation.

As the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and the respondent is disbarred, and his name be stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and H. MILLER, JJ., concur.

Ordered that the resignation of Adam R. Kidan is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Adam R. Kidan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Adam R. Kidan shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Adam R. Kidan is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.